UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MCCLURE II,[1]
#392562,

    Petitioner,                                                Civil Action No. 20-CV-11337

vs.                                                     HON. BERNARD A. FRIEDMAN

SARAH SCHROEDER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner, an inmate at the Alger Correctional Facility in Munising, Michigan, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(A), and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(A). For the following reasons, the Court shall deny the petition, deny a certificate of appealability, and deny leave to proceed in forma pauperis on appeal.

Petitioner's conviction arises from multiple sexual assaults upon his friend's eight-year-old daughter. He was convicted following a bench trial in the Wayne County Circuit Court. The Michigan Court of Appeals summarized the facts of this case as follows:

> The victim's testimony established all the requisite elements to convict defendant of both CSC-I and CSC-II. First, the victim testified that she was born in 2008, thus, making her eight years old at the time of the assault. The victim testified that defendant first penetrated her when defendant put his finger inside of her

---
[1] In the instant habeas petition, petitioner signs his first name as "Michael," rather than "Micheal." *See* Pet. at 7. However, the Michigan Department of Corrections records list petitioner's first name as "Micheal." *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=392562 (last visited Apr. 27, 2021).

1

genital area. The victim then testified that defendant engaged in sexual contact with her when defendant put his penis in her hand. Finally, the victim testified that defendant penetrated her when defendant put his penis in her mouth.

*People v. McClure*, No. 340030, 2019 WL 637819, at *2 (Mich. Ct. App. Feb. 14, 2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

Where the child witness testified that her aunt told her that it was important to say that petitioner "did a certain thing," the doubts raised by that testimony so preponderate against the verdict that the verdict cannot stand, and a new trial should be ordered for petitioner.

Trial counsel rendered constitutionally ineffective assistance under the Sixth and Fourteenth Amendments through failure to call as a witness the aunt of the child, to inquire of the aunt about her conversations with any possible coaching of the young complainant.

Pet. at 10.

Section 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

2

indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted). To obtain habeas relief in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### I. Claim 1: Great Weight of the Evidence/Insufficient Evidence

Petitioner argues that he is entitled to habeas relief because the guilty verdict went against the great weight of the evidence. "A federal habeas court . . . has no power to grant habeas relief on a claim that a state conviction is against the great weight of the evidence." *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *see also Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) (noting that "a manifest-weight-of-the-evidence argument is a state-law argument"). A claim that a verdict went against the great weight of the evidence "is not of constitutional dimension for habeas corpus purposes unless the record is so devoid of evidentiary support that a due process issue is raised." *Cukaj*, 305 F. Supp. 2d at 796. "The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it." *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D.

Mich. 2002). If "there was sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief." *Id.*

To the extent that petitioner argues that the evidence was insufficient to convict, he is not entitled to habeas relief. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). The crucial question on review of the sufficiency of the evidence underlying a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal quotation marks, citation, and footnote omitted; emphasis in the original). The standard recognized by the Supreme Court in *Jackson* applies to bench trials and jury trials alike. *See United States v. Bronzino*, 598 F.3d 276, 278 (6th Cir. 2010) (applying the *Jackson* standard following a bench trial).

A federal habeas court "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* "[T]he

only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under AEDPA." *Id.*

> Finally, a federal habeas court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. It is the province of the factfinder, here the state trial court, to weigh the probative value of the evidence and resolve any conflicts in testimony. An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. There mere existence of sufficient evidence to convict therefore defeats a petitioner's claim.

*Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citations omitted).

Petitioner's main contention is that the verdict went against the great weight of the evidence because the victim's testimony was not credible. Petitioner points to the victim's statement that her aunt told her it was important for her to testify that petitioner did "a certain thing." Pet. at 10. The Michigan Court of Appeals rejected this claim, deferring to the trial court judge's finding that the victim was credible and that her testimony was corroborated by other evidence, including petitioner's own confession. *McClure*, 2019 WL 637819, at *2-3. Similarly, this Court must defer to the trial court's assessment of and conclusions regarding the credibility of witnesses. *See Abramajtys*, 319 F.3d at 788.

Petitioner also argues that the verdict was against the great weight of the evidence because the victim's testimony was uncorroborated. Petitioner's claim is without merit, as there was additional testimony corroborating that of the victim. *See McClure*, 2019 WL 637819, at *2 and *4. Regardless, "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction," so long as the prosecution presents

5

evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis*, 752 F.2d 1142, 1144-45 (6th Cir. 1985). "[T]he testimony of [the] victim alone is sufficient to support a defendant's conviction." *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000). For these reasons, the Court concludes that petitioner is not entitled to habeas relief on his claim of insufficient evidence.

**II. Claim 2: Ineffective Assistance of Counsel**

Petitioner next claims that "[t]rial counsel rendered constitutionally ineffective assistance." Pet. at 10. To prevail on habeas review, petitioner must show that the state court's conclusion regarding his ineffective assistance claim "was contrary to or an unreasonable application of clearly established federal law." *Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *See id*. at 687.

> In assessing *Strickland*'s first prong, the Supreme Court has stated that
>
> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id*. at 689 (internal quotation marks and citations omitted).

Petitioner argues that trial counsel was ineffective for failing to call the victim's aunt to testify at trial, presumably to impeach the victim's testimony or to testify that she

6

coached the victim with respect to her testimony. A trial attorney's decision as to which witnesses to call, if any, is generally a matter of trial strategy that falls within the attorney's broad professional discretion. *See id.*; *United States v. Foreman*, 323 F.3d 498, 503-04 (6th Cir. 2003) (concluding that trial counsel's decision not to call various witnesses was "reasonable trial strategy"). Moreover, petitioner is not entitled to relief on his claim because he failed to provide to the Michigan courts any proffer as to the aunt's expected testimony. In the absence of any supporting evidence, petitioner is unable to establish that trial counsel's failure to call the victim's aunt constituted deficient performance, or that petitioner was prejudiced by this decision. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007). Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Further, this Court is presently unable to entertain any proffer regarding the testimony the victim's aunt might provide. The Supreme Court has held that habeas review under § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The Court is thus precluded from considering any new evidence in support of petitioner's ineffective assistance of trial counsel claim, even if such evidence exists. *See Campbell v. Bradshaw*, 674 F.3d 578, 590 n.3 (6th Cir. 2012) (declining to consider testimony taken in a federal evidentiary hearing because it was not part of the state court record).

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim, finding that

> nothing in the record shows that the testimony of the victim's aunt would have definitively changed the outcome of trial. The record merely establishes that the victim's aunt helped the victim to practice testifying for trial. While the victim did testify on cross-

7

> examination that her aunt had told her that it was important for the victim to say that defendant did "a certain thing," the victim also testified that her aunt did not tell her what to say and that her testimony accurately described what happened between her and defendant. The testimony does not conflict. The trial court was aware of the aunt's influence but still determined that the victim was a credible witness. Thus, the victim's testimony is not devoid of credibility merely because of those statements, and defendant has not established, based on the trial court record, that the testimony of the victim's aunt would have deprived the victim's testimony of all credibility. Defendant was not prejudiced by the trial court's determination of the victim's testimony because other witnesses corroborated the victim's testimony. The record does not establish that calling the victim's aunt to testify would have provided defendant with a substantial defense that would have changed the outcome of the trial. Therefore, defendant's trial counsel was not ineffective.

*McClure*, 2019 WL 637819, at *4. Petitioner has not shown that the Michigan Court of Appeals' resolution of his ineffective assistance claim was contrary to or an unreasonable application of Supreme Court precedent. Therefore, he is not entitled to habeas relief on his claim of ineffective assistance of counsel. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make "a substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Dated: April 29, 2021     Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2021.

Michael McClure #392562     s/Johnetta M. Curry-Williams
Alger Maximum Correctional Facility     Case Manager
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862